UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALICIA MAGBEE,

    Plaintiff,

        v.                                Case No: 8:19-cv-716-T-NPM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

                          

**OPINION AND ORDER**

Plaintiff Alicia J. Magbee seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for a period of disability and disability benefits and supplemental security income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a Joint Memorandum (Doc. 24). For the reasons set forth herein, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 405(g) of the codified Social Security Act, 42 U.S.C. § 301 *et seq*.

**I.    Social Security Act Eligibility and the ALJ Decision**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any other substantial gainful activity that exists in the

national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.

**B.     Procedural history**

On February 18, 2014, Plaintiff applied for a period of disability and disability insurance benefits and supplemental security income. (Tr. at 126-127, 337-345). In both applications, Plaintiff alleged an onset date of November 1, 2013. (*Id.* at 337, 339). Plaintiff's applications were denied initially on May 9, 2014 (*id*. at 126-127) and on reconsideration on July 31, 2014 (*id.* at 156-157). Administrative Law Judge ("ALJ") David J. Begley held a hearing on January 28, 2016. (*Id.* at 59-101). On August 3, 2016, ALJ Begley rendered an unfavorable decision finding Plaintiff not disabled from November 1, 2013 through the date of decision. (*Id.* at 162-179). The Appeals Council granted Plaintiff's request for review and issued its decision remanding the case on June 27, 2017. (*Id.* at 181-182).

On remand, Administrative Law Judge Donald G. Smith held another administrative hearing on April 3, 2018. (*Id*. at 36-58). ALJ Smith issued an unfavorable decision on September 4, 2018 and found Plaintiff not disabled through the date of his decision. (*Id*. at 15-29). On January 29, 2019, the Appeals Council denied review. (*Id*. at 1-3). Thus, the decision of the Commissioner is the final decision. Plaintiff filed a Complaint (Doc. 1) in this Court on March 25, 2019, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 17).

### C. Summary of the ALJ's decision

An ALJ must perform a five-step sequential evaluation to determine if a claimant is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). The five-step process determines whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof and persuasion through step four and then the burden of proof shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found Plaintiff met the insured status requirements through September 30, 2015. (Tr. at 18). At step one of the evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of November 1, 2013. (*Id.*). At step two, the ALJ determined Plaintiff suffered from the following severe impairments: "asthma, migraines, obesity, schizophrenia, affective disorder and personality disorder (20 [C.F.R. §§] 404.1520(c) and 416.920(c)." (*Id.*). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (*Id.* at 19).

At step four, the ALJ determined the following as to Plaintiff's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). She can lift 20 pounds occasionally and 10 pounds frequently. She can stand/walk six hours per day. She can never climb ladders, ropes and scaffolds. She can occasionally climb ramps and stairs. She can occasionally balance, stoop, kneel, crouch, and crawl. She must avoid extreme temperature, humidity, pulmonary irritants, hazardous machinery and heights. She can handle simple, routine and repetitive tasks. She can handle ordinary and routine changes in work settings or duties. She cannot perform fast-paced production or quota driven work, such as assembly-line. She can have occasional interaction with the public, coworkers and supervisors. She can maintain attention and concentration for two hours, but then requires a 10-minute break.

(*Id.* at 21).

The ALJ found Plaintiff could not perform her past relevant work as a veterinary technician. (*Id.* at 27). Considering Plaintiff's age, education, work experience, and RFC, the ALJ found jobs existed in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 27-28). The vocational expert testified that an individual with Plaintiff's age, education, work experience, and RFC could perform the requirements of representative jobs such as: (1) Labeler, DOT[1] Code 920.687-126, an unskilled (SVP 2) occupation of light exertion level with 150,000 jobs nationally; (2) Retail Marker, DOT Code 209.587-034, an unskilled (SVP 2) occupation of light exertion level with 130,000 jobs nationally; and (3) Vending Machine Attendant, DOT Code 319.464-014, an unskilled (SVP 2) occupation of light exertion level with 150,000 jobs nationally.[2] (*Id.* at 28).

---

[1] "DOT" refers to the *Dictionary of Occupational Titles*.

[2] "SVP" refers to Specific Vocational Preparation and indicates the amount of time required for a typical claimant to learn the techniques, acquire the information, and develop the facility needed for average performance in a job. POMS DI § 25001.001 (A)

Consequently, at step five, the ALJ found Plaintiff not disabled from the alleged onset date through the date of decision. (*Id.*).

## II. Analysis

### A. Standard of review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—that is, the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the record as a whole, accounting for evidence both favorable and unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual

---

(77).

findings).

Plaintiff raises four issues on appeal. As stated by Plaintiff, they are:

(1) The ALJ committed harmful legal error by failing to resolve the apparent conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles. The ALJ's error is in violation of both Social Security Rule 00-4p and current Eleventh Circuit binding case law. (Doc. 24 at 6-20).
(2) The residual functional capacity (RFC) formulated by the ALJ limited Magbee to only "occasional" interaction with the public, co-workers and supervisors. The vocational expert testified Magbee could perform three jobs despite this limitation. The testimony created an apparent conflict between the RFC and the Dictionary of Occupational Titles. The ALJ committed legal error by failing to resolve the apparent conflict in the written decision. (*Id.* at 20-22).
(3) The residual functional capacity (RFC) formulated by the ALJ limited Magbee to only unskilled work. The vocational expert testified Magbee could perform three jobs despite this limitation. The testimony created an apparent conflict between the RFC and the Dictionary of Occupational Titles. The ALJ committed legal error by failing to resolve the apparent conflict in the written decision. (*Id.* at 22-24).
(4) The ALJ committed harmful legal error under Social Security Ruling 96-8p by not including a function-by-function description of *substantially all* of the Plaintiff's mental limitations. (*Id.* at 24-4).

For the reasons set forth below, the Court only addresses the fourth issue.

**B.  Whether the ALJ committed harmful legal error under Social Security Ruling 96-8p by not including a function-by-function description of substantially all of Plaintiff's mental limitations.**

Plaintiff argues the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly incorporate the opinions of Nancy Hinkeldey, Ph.D., Lauriann Sandrik, Psy.D., and Timothy Foster, Ph.D. when formulating Plaintiff's RFC. (Doc. 24 at 24-32). Specifically, Plaintiff asserts Drs. Hinkeldey, Sandrik, and Foster opined that Plainitff was limited to understanding and retaining "simple instructions," the ALJ, in this respect, gave all three opinions at least some weight, but the ALJ nevertheless omitted this limitation from the RFC without any explanation. (*Id.*). And rather than squarely addressing this issue, the Commissioner merely contends the ALJ addressed

the opinions of the examining and non-examining physicians and properly evaluated the evidence. (Doc. 24 at 32-34).

To determine whether Plaintiff can perform her past relevant work or adjust to other work in the economy, the ALJ must first determine Plaintiff's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her established impairments. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all the relevant evidence of record. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). The focus of this assessment is on the doctors' evaluation of the claimant's condition. *Jones v. Comm'r of Soc. Sec.*, No. 6:11-cv-1793-Orl-GJK, 2013 WL 669226, at *9 (M.D. Fla. Feb. 25, 2013).

Here, Dr. Hinkeldey opined that Plaintiff was limited to understanding and retaining simple instructions. (Tr. at 110). Similarly, with a moderate limitation in carrying out detailed instructions, Dr. Sandrik essentially limited Plaintiff to carrying out simple and short instructions. (*Id.* at 137). And Dr. Foster opined that Plaintiff had a moderate limitation in understanding, remembering, and carrying out simple instructions. (*Id.* at 606). In this respect, the ALJ gave all three psychologists at least some weight; however, the ALJ's RFC contains no such limitation. (*Id.* at 21). And by arguing that there is a distinction between "simple instructions" and "simple, routine, and repetitive tasks," the Commissioner concedes the materiality of this omission. (Doc. 24 at 20). Thus, the ALJ's RFC was deficient by failing to properly include Plaintiff's specific mental limitations. Without any other physician receiving greater weight or a reasonable

explanation why Drs. Hinkeldey, Sandrik, and Foster's medical opinions concerning this limitation were not incorporated in Plaintiff's RFC, the ALJ's decision is not supported by substantial evidence.

## III. Plaintiff's Remaining Arguments

Because the Court finds that on remand, the Commissioner must either include the simple instruction limitation in Plaintiff's RFC or provide a reasonable explanation for omitting it, the disposition of Plaintiff's remaining issues would, at this time, be premature.

## IV. Conclusion

Upon consideration of the submission of the parties and the administrative record, the Court finds that the decision of the Commissioner is not supported by substantial evidence.

Accordingly, it is hereby **ORDERED**:

1. The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to either include the simple instruction limitation in Plaintiff's RFC or provide a reasonable explanation for omitting it.

2. If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

3. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 30, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record