UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALICIA MAGBEE,

    Plaintiff,

v.                                          Case No: 8:19-cv-716-T-NPM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

**ORDER**

This matter is before the Court on the Petition for Attorney's Fees, filed on April 2, 2020. (Doc. 30). Plaintiff states that the Commissioner does not object to the relief requested. (*Id.* at 5). The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 17). For the reasons below, the Court grants the Petition for Attorney's Fees (Doc. 30).

On April 2, 2020, the Court entered an Opinion and Order (Doc. 28), reversing and remanding this action to the Commissioner to "either include the simple instruction limitation in Plaintiff's RFC or provide a reasonable explanation for omitting it." (Doc. 28 at 8). Thus, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Plaintiff filed a request for an award of $5,379.00 in attorney's fees. (Doc. 30 at 3).

In order for Plaintiff to receive an award of fees under EAJA, 28 U.S.C. § 2412, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been

substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The Commissioner does not contest that Plaintiff meets the requirements under EAJA. (Doc. 30 at 5). Upon consideration, the Court finds that all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). The Court determines that after review of the services provided, 26.4 hours expended by attorney David B. Goetz are reasonable in this case. (*See* Doc. 30 at 2-3).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determination of the appropriate hourly rate is a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff requests the hourly rate of $203.75 for the years 2019 and 2020. (Doc. 30 at 5). The Court finds this hourly rate appropriate.

Accordingly, the Court determines that 26.4 hours at the hourly rate of $203.75 is reasonable. The Court awards $5,379.00 in attorney's fees.

Prompted by the Court, Plaintiff separately filed an Affidavit and Assignment of Fee (Doc. 32-1). In this affidavit, Plaintiff assigns:

> any entitlement that I may have to a fee under the Equal Access to Justice Act (EAJA), 28 U.S.C. [§] 2412(d), to my attorney, David B. Gooetz. I acknowledge that the fee compensates my attorney for representing me before the United States District Court. Therefore, I ask that the EAJA award be made payable to David B. Goetz and not to me as Plaintiff.

(*Id.* at 1). Thus, the Court will allow the fees to be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

Accordingly, it is hereby **ORDERED**:

1) The Petition for Attorney's Fees (Doc. 30) is **GRANTED** and the Court awards $5,379.00 in attorney's fees.

2) These fees may be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff Alicia Magbee.

3) The Clerk of Court shall enter an amended judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on April 8, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties